IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **BALANACED BRIDGE FUNDING, LLC**<br><br>Plaintiff,<br><br>v.<br><br>**SOUTH RIVER CAPITAL, LLC, et al.,**<br><br>Defendants. | Civil Action No. 2:20-cv-05490-PD |

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANTS' MOTION TO DISMISS**

Defendants South River Capital, LLC ("South River") and James E. Plack ("Plack") submit this memorandum in support of their Motion for an order dismissing the Complaint and claim filed by Plaintiff in this action pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure. Defendants are not residents of the Commonwealth of Pennsylvania, do not conduct business in this jurisdiction, and the Plaintiff has not alleged conduct that would bring the Defendants under the jurisdiction of this Court. Accordingly, this Court lacks personal jurisdiction over Defendants and the Complaint should be dismissed.

## FACTS

South River is a limited liability company incorporated in the State of Maryland and has a principal place of business in Crownsville, Maryland.  Plack Decl. ¶ 1, 3-4.  South River is a specialty lender that operates out of the State of Maryland.  Plack Decl. ¶ 7.  South River provides loans to businesses and individuals, including professional athletes, entrepreneurs, and business owners.  South River does not advertise its services and relies on referrals for business opportunities.  South River is not registered to do business in the Commonwealth of Pennsylvania and does not have a registered agent in Pennsylvania. Plack Decl. ¶ 5, 6.  All South River business operations occur in the State of Maryland.  Plack Decl. ¶ 4, 7.  South River does not transact business in the Commonwealth of Pennsylvania.  Plack Decl. ¶ 8.  Mr. Plack is the President of South River and is a resident of the State of Maryland.  Plack Decl. ¶ 2, 10, 11.  He maintains a residence in the State of Maryland and performs work for South River in the State of Maryland.  Plack Decl. *Id*.

## PROCEDURAL HISTORY

Plaintiff filed a Complaint against Defendants on November 3, 2020.  Dkt. No. 1.  The Complaint includes a single claim of tortious interference with contract against Defendants.  The contract at issue is an August 30, 2019 loan agreement between Centennial Bank and Darryl F. Skrine.  Compl. ¶ 9.  Centennial Bank

subsequently assigned the obligations under the loan agreement to Plaintiff. Compl. ¶ 29. Plaintiff alleges that the conduct of Defendants, including a March 4, 2020 loan agreement between South River and Mr. Skrine and related security interest, tortiously interfered with the prior loan agreement between Mr. Skrine and Centennial Bank. Compl. ¶ 21-28. Plaintiff further claims that Mr. Plack "influenced, "encouraged", and "induced" Mr. Skrine to default on the Centennial obligation . . . ." Compl. ¶ 26, 31, 34. Plaintiff alleges this Court is the proper venue and has personal jurisdiction over Defendants because "a substantial part of the events giving rise to this action occurred in this judicial district and because Defendants are subject to personal jurisdiction [in this Court] as they conduct business in the Commonwealth of Pennsylvania." Compl. ¶ 6.

## ARGUMENT

This Court may only exercise personal jurisdiction over a non-resident defendant as permitted by the law of the Commonwealth of Pennsylvania. *D'Jamoos v. Pilatus Aircraft Ltd.*, 566 F.3d 94, 102 (3d. Cir. 2009). The Court will focus on "the relationship among the defendant, the forum, and the litigation" when deciding whether a defendant is subject to personal jurisdiction. *Pinker v. Roche Holdings, Ltd.*, 292 F.3d 361, 368 (3d Cir. 2002). The exercise of jurisdiction must comport with the Due Process requirement of the Fourteenth Amendment and is only permitted where the defendant has "minimum contacts

3

[with the forum] state such that maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co., v. Wash.*, 326 U.S. 310, 316 (1945) (internal citation and quotation omitted). Exercise of personal jurisdiction requires "some act by the defendant purposefully availing itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its law." *Hanson v. Denckla*, 357 U.S. 235, 253 (1958).

The law identifies two types of personal jurisdiction a court may exercise over a defendant. The first, general jurisdiction, requires that a defendant "have contacts with the forum state that are 'so continuous and systematic as to render [it] essentially at home [there].'" *McCann v. Sandals Resorts Int'l, Ltd.*, Civ. A. No. 14-2208, 2015 U.S. Dist. LEXIS 16962, at * 7 (E.D. Pa. Feb. 11, 2015) (*quoting Goodyear Dunlop Tires Operations v. Brown*, 131 S. Ct. 2846, 2851 (2011). The second, specific jurisdiction, requires the existence of a relationship between the defendant, the forum state, and the litigation and that the "defendant's suit-related conduct must create a substantial connection with the forum state." *Walden v. Fiore*, 571 U.S. 277, 284 (2014).

Once jurisdiction has been challenged by a defendant, the Plaintiff bears the burden of "establishing the court's jurisdiction over the defendant." *Action Mfg Co. v. Simon Wrecking Co.*, 375 F.Supp 2d 411, 418 (E.D. Pa 2005). The Court will accept the allegations in the Complaint as true, but "a plaintiff bears the

burden of proving by affidavits or other competent evidence that jurisdiction is proper." *Dayhoff Inc., v. H.J. Heinz Co.*, 86 F.3d 1287, 1302 (3d. Cir. 1996).

**The Court Lacks General Jurisdiction Over Defendants**

In order to establish general jurisdiction a plaintiff "must show significantly more than minimum contacts" between the defendant and the forum state. *Provident Nat'l Bank v. California Federal Savings & Loan Assoc.*, 819 F.2d 434, 437 (3d Cir. 1987). The plaintiff must establish contacts between the defendant and the forum states that are "continuous and systematic" and show that the contacts are "extensive and pervasive." *Snyder v. Dolphin Encounters*, 235 F.Supp 2d 433, 437 (E.D. Pa. 2002).

South River and Mr. Plack are not subject to general jurisdiction in the Commonwealth of Pennsylvania. They do not have any connection to or contacts with the Commonwealth of Pennsylvania and have submitted evidence to establish this point. *See* Aff. Of James E. Plack. Defendant South River is a Maryland corporation with a sole principal place of business in the State of Maryland. South River does not and never has owned any real property in the Commonwealth of Pennsylvania and does not maintain any offices, mailing address, telephone number, or bank account in Pennsylvania. Mr. Plack's domicile is the State of Maryland and he has never been a resident or owned real property in the Commonwealth of Pennsylvania. This Court lacks general jurisdiction over

Defendants based on the complete absence of contact between Defendants and the Commonwealth of Pennsylvania.

**The Court Lacks Specific Jurisdiction Over Defendants**

A court has "specific jurisdiction" over a defendant where the plaintiff's claim is "related to or arises out of the defendant's contact with the forum." *Dollar Sav. Bank v. First Sec. Bank of Utah*, 746 F.2d 208, 211 (3d. Cir. 1984). The plaintiff must prove that the defendant "purposefully directed his activities at residents of the forum and [that] the litigation results from alleged injuries that arise out of or relate to those activities." *Burger-King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985). The defendant's conduct must be a "deliberate targeting of the forum" and contact between a defendant and a citizen of the forum state "that take place outside the [forum] state are not purposeful contacts with the [forum] state itself." *O'Connor v. Sandy Lane Hotel Co.*, 496 F.3d 312, 317 (3d Cir. 2007) (internal citations omitted).

Plaintiff's Complaint must be dismissed because it fails to allege any conduct by any party that occurred in Pennsylvania or was directed toward Pennsylvania related to claim asserted against Defendants. The underlying loan agreement between Centennial Bank and Mr. Skrine has no connection to the Commonwealth of Pennsylvania. The loan agreement that Plaintiff alleges Defendants tortiously interfered with was between Mr. Skrine, a resident of the

State of Georgia, and Centennial Bank, an entity based in Conway, Arkansas.  Dkt No. 1-1 at 2.  The loan agreement also mandates that Florida law apply to the "interpretation and enforcement" of the loan and that "in the event that legal action is instituted to collect any amounts due under [the loan] . . . [Centennial] and [Mr. Skrine] . . . submit themselves to [] the jurisdiction of the courts of the State of Florida."1   Id. at p. 16.  There is no connection to the Commonwealth of Pennsylvania.

The Complaint fails to allege any actual contact between Plaintiff and Defendants.  In fact, the Complaint does not even identify where the alleged wrongful conduct by Defendants took place.  This is the case because it would be a concession that this Court lack personal jurisdiction over Defendants.  Defendants did not have any contact with Pennsylvania related to any conduct at issue in the Complaint.  At all times Defendants conducted business from the State of Maryland.  To the extent contact occurred between Defendants and Mr. Skrine related to the underlying loan agreement at issue, that too occurred outside of the Commonwealth of Pennsylvania.  The only connection between the allegations in the Complaint and the Commonwealth of Pennsylvania is the domicile of Plaintiff,

---

1 In fact, as alleged in the Complaint, Balanced Bridge filed an action against Mr. Skrine in the Circuit Court for Broward County, Florida seeking to recover on the Centennial loan it purchased.  Compl. ¶ 32.  In that action, Balanced Bridge served a subpoena for documents on South River and Mr. Plack in Maryland.

which is wholly insufficient to establish jurisdiction over the Defendants

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court dismiss Plaintiff's Complaint and claims because the Court lacks personal jurisdiction over Defendants South River Capital, LLC and James. E. Plack.

Respectfully submitted,

*Joshua M Rudolph*
_____
Joshua Marc Rudolph, Esq.
Rudolph Law Firm PC
600 West Germantown Pike
Suite 400
Plymouth Meeting, PA  19462
Tel: (267) 282-1033
Fax: (267) 733-6165
jrudolph@rudolphlawfirm.com

Respectfully submitted,

*Jonathan W. Greenbaum*
_____
Jonathan W. Greenbaum
Marc Eisenstein
Coburn & Greenbaum PLLC
1710 Rhode Island Avenue, NW
Second Floor
Washington, DC  20036
Tel: (202) 744-5003
Fax: (866) 561-9712
jg@coburngreenbaum.com

Will seek admission *pro hac vice*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of this Motion will be served upon all counsel of record via this Court's electronic filing service, this 31st day of December, 2020.

*Joshua M Rudolph*
_____
Joshua Marc Rudolph